

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| NATHAN HEATON, | ) | Docket Number: 2017-02-0262 |
| Employee, | ) | |
| v. | ) | State File Number: 34374-2017 |
| MARK DISHMAN, | ) | |
| Uninsured Employer. | ) | Judge: Brian K. Addington |

---

## EXPEDITED HEARING ORDER DENYING
## MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on October 19, 2017, for an Expedited Hearing. The central legal issues are whether Mr. Heaton suffered an injury arising primarily out of and in the course and scope of employment with Mark Dishman, and if so, the benefits to which he is entitled. The Court holds Mr. Heaton has not come forward with sufficient evidence to establish he is likely to prevail at a hearing on the merits and is not entitled to the requested medical and temporary disability benefits at this time.

### Claim History

Mr. Heaton worked for Mr. Dishman as maintenance man. Mr. Dishman owns apartment buildings and rental homes. Mr. Dishman paid Mr. Heaton twenty dollars a day plus furnished him an apartment. Mr. Heaton performed various jobs for Mr. Dishman. At times he worked with co-workers and others alone, but the workday ended at 2:00 p.m. Mr. Heaton did not work at least one day a month because of a regularly scheduled physician's appointment. On days in which Mr. Dishman did not have work for Mr. Heaton, he was not paid, but Mr. Dishman always paid Mr. Heaton for the days he worked.

The current dispute arose from a fall from an apartment building. Mr. Heaton claimed that on October 15, 2016,[1] he did not go with co-workers to Kingsport to work with Mr. Dishman. He is unsure of the reason he did not go, but other witnesses testified he went to his physician appointment. He testified he decided to work on guttering on the lower roof of the apartment building to install hidden hangers to finish the gutter installation; however, he and a co-worker actually installed the gutters on March 9, 2016. As Mr. Heaton bent over to work on the gutter his foot slipped on shingles and he fell to the ground.

In contrast, other witnesses, including co-workers and an apartment tenant, testified Mr. Heaton leaned out the window of his apartment as co-worker Rodney Armstrong returned to the apartment building, yelled at him about money he owed him, climbed out the window onto the roof, and jumped to the ground when Mr. Armstrong challenged him to fight. When Mr. Heaton landed on his feet, he injured his right foot and was unable to walk. One of the co-workers carried Mr. Heaton to his apartment and got him "his beer."

Following the incident, Mr. Dishman did not offer Mr. Heaton medical treatment because Rodney Armstrong informed him Mr. Heaton's injury occurred when he jumped from the roof to fight him.

Due to lack of funds, Mr. Heaton did not seek medical attention for his injury until November 1, 2016, at Johnson City Medical Center, where he reported he stepped off a porch. The JCMC providers instructed Mr. Heaton to see an orthopedic specialist. Later, Mr. Heaton sought treatment with Watauga Orthopedics and Dr. Aubrey McElroy incurring $3,274.09, in medical bills.

Following the injury, Mr. Heaton worked once in February 2017 for $20.00. He repeatedly told Mr. Dishman he wanted to return to work for him. He did so only to keep Mr. Dishman from evicting him from the apartment Mr. Dishman supplied. Mr. Heaton has not sought additional employment because he does not feel ready to return to work. Dr. McElroy released Mr. Heaton for desk work on May 5, 2017, but Mr. Heaton currently remains unemployed.

Mr. Heaton requested an orthopedic panel and payment of past medical expenses and temporary disability benefits. Mr. Dishman requested the Court to deny Mr. Heaton's request for benefits because his injury did not arise primarily out of and in the course and scope of his employment.

---

[1] Mr. Heaton does not know the actual date of injury. He guessed at the date based on his medical records. The Court takes judicial notice that October 15, 2016, was a Saturday. Mr. Heaton would not have worked on Saturday.

## Findings of Fact and Conclusions of Law

In this workers' compensation case, Mr. Heaton has the burden to prove all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, he need not prove every element of his claim by a preponderance of the evidence to obtain relief at an Expedited Hearing. Instead, he must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Heaton must show he suffered an injury caused by a specific incident or set of incidents arising primarily out of and in the course and scope of employment, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2016). He failed to do so. He was unable to state the actual date the injury occurred but guessed based on his medical records.

Regardless of the date of the incident, Mr. Heaton's injury occurred when he jumped off the roof to confront Mr. Armstrong on a day he did not work. He failed to prove he actually worked on the roof the day he fell. The fact that Mr. Heaton provided no evidence that Mr. Dishman paid him for the date in question further proves Mr. Heaton did not work on the day in question because Mr. Dishman always paid Mr. Heaton when he worked.

The Court further finds the confrontation had nothing to do with Mr. Heaton's employment but was a personal matter between he and Mr. Armstrong over an unpaid debt. Injuries sustained during fights at a worksite that are personal in nature are not compensable injuries. *Padilla v. Twin City Fire Ins. Co.*, 324 S.W.3d 507, 511-512 (Tenn. 2010).

Thus, the Court holds Mr. Heaton did not come forward with sufficient evidence from which the Court would find him likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Heaton's request for benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on December 13, 2017, at 10:00 a.m. Eastern Time. The parties must call 855-943-5044 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

**ENTERED ON OCTOBER 20, 2017.**

**/s/ BRIAN K. ADDINGTON**

Judge Brian K. Addington
Court of Workers' Compensation Claims

**APPENDIX**

Exhibits:
1. Mr. Heaton's affidavit
2. Medical Records-Watauga Orthopedics
3. Medical Records-Johnson City Medical Center
4. Medical Records-Dr. Aubrey McElroy
5. Collective Exhibit-Photographs
6. Expedited Request for Investigative Report
7. Medical Bills
8. Receipt for guttering supplies
9. Collective Exhibit-Photographs
10. Text messages

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing.
4. Employer's Answer to Employee's Affidavit

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on October 20th, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Charlton DeVault, **Employee's Attorney** | | | X | crdevault@charter.net |
| Daniel Minor, **Employer's Attorney** | | | X | danielbminor@yahoo.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
wc.courtclerk@tn.gov